UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS MILTON WILMORE JR.,

      Plaintiff,                         Case No. 16-cv-10475
                                             Hon. Matthew F. Leitman

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## ORDER (1) OVERRULING PLAINTIFF'S OBJECTION (ECF #17) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS THE OPINION OF THE COURT, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #13), AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #15)

In this action, Plaintiff Louis Milton Wilmore, Jr. ("Wilmore") alleges that the Social Security Administration (the "SSA") wrongly denied his application for Social Security disability benefits. After the parties filed cross-motions for summary judgment, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which he recommends that the Court (1) grant summary judgment in favor of the Defendant, the Commissioner of Social Security (the "Commissioner"), and (2) deny Wilmore's motion for summary judgment. (*See* ECF #16.) Wilmore filed a timely objection to the R&R (the "Objection"). (*See* ECF #17.) The Court has conducted a *de novo* review of the portions of the R&R to which Wilmore has objected. For the reasons

1

stated below, the Court **OVERRULES** the Objection, **ADOPTS AS THE OPINION OF THE COURT** the well-reasoned R&R, **GRANTS** the Commissioner's motion for summary judgment, and **DENIES** Wilmore's motion for summary judgment.

## I

## A

On August 27, 2009, Wilmore filed an application for Social Security disability insurance benefits (the "Application").[1] (*See* Admin. R., ECF #9-5 at 2-19, Pg. ID 139-56.)  In the Application, Wilmore claimed that he had been disabled since April 1, 2009, due to diabetes, high blood pressure, post-traumatic stress-disorder, memory loss, gross impairment of thought processes, and incontinence.  (*See* Admin. R., ECF #9-6 at 5, Pg. ID 161.)  The SSA denied the Application because it found that Wilmore was not disabled. (*See* Admin. R., ECF #9-4 at 5, Pg. ID 98.)

Wilmore requested and received a hearing before an administrative law judge ("ALJ").  On April 28, 2011, ALJ Mary Ann Poulose ("ALJ Poulose") issued a decision affirming the SSA's denial of benefits. (*See* Admin. R., ECF #9-2 at 14-20, Pg. ID 50-56.)  After the SSA Appeal Council denied Wilmore's request for review, he appealed in this Court.  On January 29, 2014, Judge Patrick J. Duggan held that ALJ Poulose erred because she did not consider "an April 2010 notation in [Wilmore's] medical records from the Department of Veterans Affairs ("VA") indicating that [he] has an

---

[1] The Court recites here only the facts relevant to Wilmore's Objection.  A full description of the facts is available in the R&R.

2

eighty (80) percent service-connected disability." *Wilmore v. Comm'r of Soc. Sec.*, 2014 WL 320072, at *3 (E.D. Mich. Jan. 29, 2014). Judge Duggan remanded the case to the Commissioner "for further consideration of the evidence" (the "Remand Order"). *Id.* at *4.

After receiving the Remand Order, the SSA Appeals Council issued an order to further remand the case to an ALJ for "proceedings consistent with the order of the [C]ourt" (the "Appeals Council Remand Order"). (Admin. R., ECF #9-9 at 32, Pg. ID 496.) The case was reassigned to ALJ Timothy Christensen ("ALJ Christensen"). In his March 25, 2015 written decision (the "ALJ's Decision"), ALJ Christensen wrote:

> After careful review and evaluation of the Veteran's Administration's (VA) disability findings as of February 28, 2009 and consideration of a notation in VA medical records in April 2010 made by an optometrist indicating that the claimant had an eighty (80) percent service connected disability, [I] conclude[] that the findings of ALJ Poulose remain appropriate and adopt[] the decision for the reasons explained herein.

(ALJ's Decision, ECF #9-8 at 32, Pg. ID 391.) ALJ Christensen went on to apply the SSA's required five-step sequential analysis to determine whether Wilmore was disabled. The five steps are as follows:

> **Step One:** Has claimant engaged in substantial gainful activity? If not, move to Step Two.
>
> **Step Two**: Does claimant suffer from one or more severe impairments? If so, move to Step Three.
>
> **Step Three:** Does claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment

3

listed in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, claimant is disabled. If not, move to Step Four.

**Step Four:** Considering claimant's residual functional capacity, can the claimant perform his or her past relevant work. If not, move to Step Five. If so, claimant is not disabled.

**Step Five:** Considering claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy. If not, claimant is disabled.

*See* 20 C.F.R. § 404.1520.

ALJ Christensen made the following findings at the first three steps of his analysis:

> **Step One:** "[Wilmore] did not engage in substantial gainful activity during the period from his alleged onset date of April 1, 2009 through his date last insured of July 31, 2011."
>
> **Step Two**: "[Wilmore] had the following severe impairments: high blood pressure and diabetes mellitus."
>
> **Step Three:** "Through the date last insured, [Wilmore] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, and Appendix 1."

(ALJ's Decision, ECF #9-8 at 34-36, Pg. ID 393-95.)

ALJ Christensen then assessed Wilmore's residual functional capacity ("RFC"), and concluded that he had the capacity "to perform a full range of work at all exertional levels but with the following nonexertional limitations: use of the restroom hourly." (*Id.* at 36-39, Pg. ID 395-98.) In arriving at this RFC, ALJ Christensen carefully reviewed

4

the VA's determination that Wilmore had an 80% service-connected disability (the "VA Disability Determination"). (*See id.*)  ALJ Christensen ultimately rejected the VA Disability Determination for two reasons. (*See id.*)  First, Wilmore had continued to engage in substantial gainful activity after the VA Disability Determination. (*See id.*)  Second, ALJ Christensen identified a number of medical records that contradicted the VA Disability Determination and demonstrated that the VA's findings were "not based on the necessary clinical and objective findings required by the Social Security Regulations." (*Id.*)

Applying his assessment of Wilmore's RFC, ALJ Christensen found at Step Four that Wilmore "was capable of performing [his] past relevant work as a machinist and tool crib clerk." (*Id.* at 39, Pg. ID 398.)  Therefore, ALJ Christensen found Wilmore "not under a disability, as defined in the Social Security Act, at any time from April 1, 2009, the alleged onset date, through July 31, 2011, the date last insured." (*Id.*)  Accordingly, ALJ Christensen affirmed the SSA's denial of benefits. (*See id.*)  The SSA Appeals Council then declined to assume jurisdiction over his administrative appeal. (*See* Admin. R., ECF #9-8 at 2, Pg. ID 361.)

**B**

On February 9, 2016, Wilmore filed this action again challenging the SSA's denial of benefits. (*See* Compl., ECF #1.)  Wilmore and the Commissioner then filed cross-motions for summary judgment. (*See* Pl.'s Mot. Summ. J., ECF #13; Def's Mot. Summ. J., ECF #15.)  The Court referred the cross-motions to the assigned Magistrate

5

Judge.  In his motion for summary judgment, Wilmore alleged that ALJ Christensen erred in three ways. (*See* ECF #13 at 15-18, Pg. ID 952-55.)  First, Wilmore argued that ALJ Christensen failed to comply with the Appeals Council Remand Order. (*See id.* at 15, Pg. ID 952.)  Second, Wilmore claimed that ALJ Christensen failed to consider "the severity of [his] peripheral neuropathy." (*Id.* at 15-16, Pg. ID 952-53.)  Third, Wilmore argued that the "ALJ failed to develop the record pursuant to [Social Security Ruling] 96-6p." (*Id.* at 17-18, Pg. ID 954-55.)

On December 9, 2016, the Magistrate Judge issued the R&R in which he recommends that the Court grant the Commissioner's motion and deny Wilmore's motion. (*See* R&R, ECF #16.)  In arriving at his recommendation, the Magistrate Judge analyzed but was not persuaded by the three arguments that Wilmore made in his motion for summary judgment.

On December 22, 2016, Wilmore filed the Objection. (*See* ECF #17.)  Wilmore's sole objection is that "[t]he Magistrate Judge erred in finding the AL's passing consideration of the Veterans Administration's disability determination was sufficient." (*Id.* at 3, Pg. ID 1012.)

## II

### A

When a party has objected to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004).  The Court has no duty to

conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## B

In reviewing the disputed findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. "[A] court is obligated to remand for further administrative proceedings if there are any unresolved essential factual issues." *Meehleder v. Comm'r of Soc. Sec.*, 2012 WL 3154968, at *2 (E.D. Mich. Aug. 2, 2012) (citing *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994)).

## III

Wilmore makes three arguments in support of the Objection. The Court considers, and ultimately rejects, each argument below.

7

**A**

Wilmore's first argument is that the ALJ did not comply with Social Security Ruling (SSR) 06-03p. (*See* Objection. at 3, Pg. ID 1012).  SSR 06-03 reads in relevant part:

> [The SSA is] required to evaluate all the evidence in the case record that may have a bearing on [its] determination or decision of disability, including decisions by other governmental and nongovernmental agencies.  Therefore, evidence of a disability decision by another governmental or nongovernmental cannot be ignored and must be considered. . . . Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, [the SSA is] not bound by disability decisions by other governmental and nongovernmental agencies.  In addition, because other agencies apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency.  However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

SSR 06-03p, 71 Fed. Reg. 45593, 45596-97 (Aug. 9, 2006).  This argument fails for two reasons.  First, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Here, Wilmore did not argue to the Magistrate Judge that ALJ Christenson violated SSR 06-03p. (*See* Pl.'s Mot. Summ. J., ECF #13.)  Indeed, SSR

06-03p is not cited even once in Wilmore's Motion for Summary Judgment or in any other filing before the Magistrate Judge. (*See id.*)  Thus, Wilmore has waived any argument based on SSR 06-03p. *See Murr*, 200 F.3d at 902 n.1 ("Petitioner's failure to raise this claim before the magistrate constitutes waiver.").

Moreover, and in any event, the ALJ's Decision satisfied the requirements of SSR 06-03p.  The ruling makes clear that the SSA is "not bound by disability decisions by other governmental and nongovernmental agencies" and only requires that the ALJ "explain the consideration given to these decisions." SSR 06-03p, 71 Fed. Reg. 45593, 45596-97 (Aug. 9, 2006).  Here, ALJ Christenson considered the VA Disability Determination and explained in great detail why the VA's determination "offers little probative value in evaluating [Wilmore's] Title II [disability] claim." (ALJ's Decision, ECF #9-8 at 38, Pg. ID 397.)  ALJ Christenson pointed out that Wilmore engaged in substantially gainful activity even after the VA found that he was 80% disabled. (*See id.* at 37-38, Pg. ID 396-97.)  ALJ Christenson also identified a number of pieces of medical evidence that undermined the VA's conclusion that Wilmore was 80% disabled, such as Wilmore's statements to Dr. Aprahamian (a VA physician) that "he is able to do physical activity and is not restricted by his diabetes." (*Id.* at 38, Pg. ID 397.)  Thus, Wilmore's newfound reliance on SSR 06-03p does not convince the Court to sustain the Objection.

**B**

In his second argument, Wilmore quotes the following portion of Judge Duggan's Remand Order:

> "The record on the VA's disability determination has not been developed, and the Court, therefore, is unable to determine that substantial evidence supports the ALJ's determination . . . [T]he case must be remanded for further consideration of the evidence."

(ECF #17 at 4-5, Pg. ID 1013-14; quoting the Remand Order.)  Wilmore argues that the SSA violated the Remand Order because the ALJ's "passing commentary [on the VA Disability Determination] is not sufficient to develop the record." (*Id.*)

The problem with this second argument is that Wilmore never presented it to the Magistrate Judge for initial adjudication. (*See* Pl.'s Mot. Summ. J., ECF #13.)  Wilmore previously argued that the "ALJ failed to develop the record *pursuant to SSR 96-6p*." (*Id.* at 17, Pg. ID 954; emphasis added.)  SSR 96-6p lists the circumstances in which an ALJ "must obtain an updated medical opinion from a medical expert." SSR 96-6P, 61 Fed. Reg. 34466, 34468 (July 2, 1996).  However, Wilmore never argued to the Magistrate Judge that ALJ Christenson violated a separate and independent obligation to develop the record created by the Remand Order. (*See* Pl.'s Mot. Summ. J., ECF #13.)  Indeed, Wilmore did not reference the Remand Order a single time in the argument section of his opening brief. (*See id.*)  Now that the Magistrate Judge has rejected his 96-6p argument, Wilmore attempts to raise a new theory in the Objection: namely, that even if 96-6p didn't require an updated medical opinion, the Remand Order

10

*implicitly* required ALJ Christenson to obtain one.  Wilmore waived his right to make this argument in the Objection by not presenting it first to the Magistrate Judge. *See Murr*, 200 F.3d at 902 n.1.

In any event, ALJ Christenson's analysis of the VA Disability Determination is fully consistent with what the Court required in the Remand Order.  ALJ Christenson's analysis was not "passing commentary" as Wilmore suggests.  As described earlier, ALJ Christenson put forth a detailed rationale for discounting the VA's findings, citing specific medical evidence in the VA records and relying on Wilmore's own statements to physicians. (*See* ALJ's Decision, ECF #9-8 at 36-39, Pg. ID 395-98.)  Wilmore does not explain in the Objection why this analysis was inadequate.  Wilmore also fails to cite any authority to support his claim that the Remand Order required ALJ Christensen to gather additional evidence, rather than simply analyze in greater detail the evidence that was already present in the record.  Instead, Wilmore's argument consists of a single conclusory sentence: "This passing commentary [by the ALJ] is not sufficient." (ECF #17 at 5, Pg. ID 1014.)  The Court cannot sustain Wilmore's Objection based on this undeveloped and unsupported argument.

## C

Wilmore concludes the Objection with the following argument (reproduced verbatim):

> [T]he Social Security disability standard requires consideration of the combined effect of a claimant's various impairments. *Maziarz v. Sec'y of HHS*, 837 F.2d 240, 244

11

> (6th Cir. 1987).  Here the record contains evidence, medical
> records and testimony that Plaintiff suffers from several
> debilitating conditions, beyond the two considered "severe"
> by both ALJ Poulose and ALJ Christenson.  Consideration
> of the conditions singly might result in a different outcome,
> but the fact of a significant contribution to disability from
> each noted condition is still significant.  As a result, the
> Magistrate Judge erred in finding that the ALJ had properly
> acknowledged, considered and commented upon the VA's
> disability determination.

(Objection, ECF #17 at 6, Pg. ID 1015.)  Again, Wilmore's argument lacks specificity.

Wilmore does not identify what other debilitating conditions the ALJ Christenson failed

to consider in his decision.  The Court shares the sentiment of the Magistrate Judge

when he concluded in the R&R that "Wilmore's "failure to make a proper, fully

developed argument is a fatal omission. . . . It is not reasonable to cite 115 pages of

medical records *en masse* and essentially say to this Court 'You go find it' or 'Trust us,

it's in there," must less with no analysis or discussion." (R&R, ECF #16 at 18, Pg. ID

999.)

    To the extent that Wilmore is arguing that ALJ Christenson inadequately

considered his peripheral neuropathy, the Magistrate Judge rejected this argument for

four reasons:

> (1) Wilmore "[did] not specify what portion(s) of the VA
>     records support his conclusion that peripheral neuropathy
>     renders him unable to work." (R&R, ECF #16 at 17-18,
>     Pg. ID 998-99.)

(2) Although ALJ Christenson did not list peripheral neuropathy as a "severe impairment," this was "legally irrelevant" because he considered Wilmore's neuropathy later in his analysis. (*Id.* at 19, Pg. ID 1000.)

(3) Wilmore's peripheral neuropathy argument was outside the scope of the Remand Order. (*See id.* at 20-21, Pg. ID 1001-1002; citing *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2008).)

(4) ALJ Christenson's ultimate RFC determination was supported by substantial evidence in Wilmore's medical records. (*See id.* at 22-23, Pg. ID 1003-04.)

Wilmore does not point out any specific deficiencies in the Magistrate Judge's reasoning, and on independent review, the Court agrees with all four of the reasons put forth in the R&R for rejecting Wilmore's peripheral neuropathy argument.

If Wilmore is instead referring to some other debilitating condition that ALJ Christenson failed to consider, then this argument is procedurally barred because he never made such an argument to the Magistrate Judge. *See Murr*, 200 F.3d at 902 n.1. Either way, Wilmore's final argument fails to convince the Court to sustain the Objection.

## IV

For the reasons stated above, the Court is not persuaded by any of Wilmore's three arguments in the Objection.  Accordingly, **IT IS HEREBY ORDERED** that

- Wilmore's Objection (ECF #17) to the R&R is **OVERRULED**;

- The Magistrate Judge's R&R (ECF #16) is **ADOPTED AS THE OPINION OF THE COURT**;

- Wilmore's Motion for Summary Judgment (ECF #13) is **DENIED**; and

- The Commissioner's Motion for Summary Judgment (ECF #15) is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 27, 2017

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 27, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113